IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

ELIZABETH CLARK,

          Plaintiff,

v.

ANDREA JANNY,

          Defendant.

Case No. 1:21-cv-01769-CL

**OPINION AND ORDER**

CLARKE, Magistrate Judge.

Plaintiff Elizabeth Clark, a self-represented litigant, seeks to proceed *in forma pauperis* ("IFP") in this action against Defendant Andrea Janny. For the reasons stated below, Plaintiff's complaint (#1) is DISMISSED without prejudice and with leave to file an amended complaint within thirty (30) days of this Order. Plaintiff's IFP application (#2) and motion for appointment of counsel (#3) are held in abeyance and will be reconsidered upon the filing of an amended complaint.

## LEGAL STANDARD

Generally, all parties instituting a civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Regarding the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before the service of the complaint on the defendants and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The Court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id.*

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). That is, the court should construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefits of any doubt. *United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

## DISCUSSION

### I. The Complaint is dismissed for failure to state a claim.

Plaintiff has completed the paperwork provided by the Court titled "Complaint for a Civil Case." According to the form, Plaintiff intends to bring suit against "Andrea Janny," the judge who presided over her divorce case and child custody proceedings. Compl. at 8 [ECF No. 1]. Plaintiff alleges Judge Janny ignored DHS records showing abuse and neglect by the father, and attaches a two page "bullet-point overview" of what, presumably, was the evidence she presented at the divorce and custody hearings. *See id.* Though it is not entirely clear from the Complaint, Plaintiff appears to allege Judge Janny deprived her "right to lawyer" and "revoked constitutional rights etc...." during the state court proceedings. *Id.* Because the Judge is immune from any such claims, the Court will dismiss Plaintiff's Complaint.

Plaintiff alleges that Defendant Andrea Janny was the state court judge for her divorce and child custody proceedings, and Plaintiff's claims arise solely from judicial acts taken within the jurisdiction of Defendant's court. Thus, the Defendant is entitled to absolute judicial immunity. Anglo-American common law has long recognized a "sweeping form of immunity" for acts performed by judges that relate to the "judicial process." *Forrester v. White*, 484 U.S. 219, 225 (1988); *Lund v. Cowan*, 5 F.4th 964, 970 (9th Cir. 2021). This immunity insulates

judges from charges of erroneous acts or irregular action, even if the action was allegedly driven by malicious or corrupt motives, *see Forrester*, 484 U.S. at 227-28, or "flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978).

Judicial immunity "is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco,* 502 U.S. 9, 11 (1991). This ironclad immunity discourages collateral attacks by civil suits and encourages using "appellate procedures as the standard system for correcting judicial error." *Forrester*, 484 U.S. at 225, 227 (noting that "[m]ost judicial mistakes or wrongs are open to correction through ordinary mechanisms of review"). As a result, immunity "is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Mireles*, 502 U.S. at 11.

Because a judge is generally immune from a civil action for damages related to his or her judicial activities, even if Ms. Clark could plead the requisite elements of a claim under 42 U.S.C. § 1983 (which her Complaint does not), any claim for monetary relief still would not pierce judicial immunity. *See Mireles,* 502 U.S. at 11-12. Judicial immunity also bars declaratory and injunctive relief sought as a result of judicial acts performed in a judicial capacity. *Mullis v. U.S. Bankr. Ct. for Dist. of Nevada,* 828 F.2d 1385, 1394 (9th Cir. 1987). Although Ms. Clark does not articulate what relief she seeks from this lawsuit, even if she sought an injunction or declaration against Judge Janny, that relief would be barred by judicial immunity as well. For all these reasons, Plaintiff's Complaint lacks any arguable basis in law and may not proceed as pled against Judge Janny.

## CONCLUSION

For the reasons set forth above, the Complaint (#1) is DISMISSED with leave to amend.[1] Plaintiff shall have thirty (30) days from the date of this Order to file an amended complaint. Plaintiff is advised that failure to file an amended complaint within the allotted time may result in the entry of a judgment of dismissal. Should Plaintiff choose to amend her complaint, the Court would encourage her to consult the Court's Guide for Self-Represented parties[2] and fill out her paperwork accordingly. Plaintiff's IFP application (#2) and motion for appointment of counsel (#3) are held in abeyance and will be reconsidered upon the filing of an amended complaint.

It is so ORDERED and DATED this __13__ day of December, 2021.

_____
MARK D. CLARKE
United States Magistrate Judge

---

[1] Although it is unlikely Plaintiff can amend her complaint to state a claim against Defendant Janny that avoids the reach of the doctrine of absolute judicial immunity, the Court nevertheless allows Plaintiff an opportunity to amend, particularly because plaintiff brings this case *pro se*. *See Ferdik*, 963 F.2d at 1261.

[2] For more guidance on how to properly state a claim and file a complaint, Plaintiff may consult the Court's "Guide for Self-Representation," which can be found at the District of Oregon's public website <www.ord.uscourts.gov> under the tab entitled, "Information about representing yourself."

Page 5 – OPINION AND ORDER